THOMAS E. WINNER
Nevada Bar No. 5168
MATTHEW J. DOUGLAS
Nevada Bar No. 11371
WINNER BOOZE & ZARCONE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
twinner@winnerfirm.com
mdouglas@winnerfirm.com
*Attorneys for GEICO Casualty Company.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HECTOR TOPETE, individually; CINDY TOPETE, individually, and on behalf of ███████ ███████ ███████, a minor, and ███████ ███████, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> GEICO CASUALTY COMPANY, a foreign corporation; DOE INDIVIDUALS I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, <br><br> Defendants. | CASE NO.: 2:22-cv-00593 <br><br> **PETITION FOR REMOVAL** |

Defendant, GEICO CASUALTY COMPANY, by and through its counsel of record, WINNER BOOZE & ZARCONE, submit this Petition for Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  In support of this Petition for Removal the defendant states as follows:

1. On March 9, 2022, the plaintiffs, filed an action titled HECTOR TOPETE, individually; CINDY TOPETE, individually, and on behalf of ███████ ███████, a minor, and ███████ ███████, a minor v. GEICO CASUALTY COMPANY in the Eighth Judicial District Court of Clark

County, Nevada, Case No A-22-849438-C, assigned to Department 31 ("the State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as *Exhibit A*.

2. The Complaint only identifies GEICO CASUALTY COMPANY as "an insurance company duly licensed to transact business as an automobile insurer within the State of Nevada." *Exhibit A* at 2: 10-12. GEICO CASUALTY COMPANY is in fact a Maryland Corporation and insurance company authorized to conduct business in the State of Nevada.

3. Each of the four (4) plaintiffs, as alleged in their complaint, are residents of Clark County, State of Nevada. *Exhibit A* at 2: 2-9.

4. The DOE and ROE Defendants in this action have not been identified and are merely nominal parties without relevance to the action. *Exhibit A at* 2: 13-28 & 3: 1.

5. There are no matters pending in the State Court Action that require resolution by this court.

6. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

7. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant GEICO CASUALTY COMPANY contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and provided a written notice to the plaintiff by serving a copy of the instant Petition for Removal on counsel for the plaintiff.

## DIVERSITY OF CITIZENSHIP

9. Upon information and belief, all four (4) plaintiffs are residents of Clark County, state of Nevada. *See* 28 U.S.C. § 1332(c). *Exhibit A* at 2: 2-9.

10. GEICO CASUALTY COMPANY is a corporation organized under the laws of State of Maryland authorized to conduct business in the State of Nevada. *See* 28 U.S.C. § 1332(c).

11. Complete diversity of citizenship existed between the plaintiffs and Defendant GEICO CASUALTY COMPANY at the time the plaintiffs filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

## **AMOUNT IN CONTROVERSY**

12. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

13. The plaintiff alleges, *inter alia,* that GEICO CASUALTY COMPANY (hereinafter "GEICO") failed to properly adjust and/or pay an Underinsured Motorist Claims ("UIM") made by each of the four (4) Plaintiffs under a personal automobile insurance policy Plaintiffs had in place with GEICO for damages arising out of a October 27, 2019 accident. In addition to the claimed breach of contract damages, the Plaintiff further alleges additional damages for GEICO's alleged breach of the covenant of good faith and fair dealing as well as violations of the Unfair Claims Practices Act. *Exhibit A* at 6-9.

14. Plaintiff's Complaint further avers she is due punitive damages for the above-claimed actions by GEICO. *Id.* at 10: 26. Punitive damages claims in Nevada are unlimited.

15. The amount of damages clause in the plaintiff's State Court Action is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure ("N.R.C.P.") where she seeks monetary damages "in excess of $15,000.00." *Exhibit A* at 10: 19-23.  Pursuant to N.R.C.P. 8(a), "[w]here a claimant seeks damages of more than $15,000.00, the demand shall be for damages 'in excess of $15,000.00' without further specification of amount."

16. A defendant may remove a suit to federal court notwithstanding the failure of a

plaintiff to plead a specific dollar amount in controversy. Where a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Lowdermilk v. United States Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2007).

17. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The court may look beyond the complaint to determine whether the amount in controversy is met. See *Abrego* at 690.

18. A review of the plaintiff's State Court Action demonstrates that the plaintiff "more likely than not" seeks more than $75,000, exclusive of interest and costs. Specifically, the plaintiffs allege that they is due the full amount of their at-issue *per occurrence* UIM policy limits with GEICO of $50,000.00 and, further, seek both consequential and expectation damages as a result of said alleged breach of contract. In Nevada, insurers may be liable for such consequential damages even in the absence of bad faith. *Century Surety Co., v. Andrew*, 134 Nev. Adv. Op. 100 (S. Ct. NV 2018). Here, Plaintiffs have alleged past medical bills of at least $39,000 (*Exhibit A* at 5: 9-12) which they are claiming from their UIM policy with GEICO. Additionally, plaintiffs will claim general damages for pain and suffering as well as consequential or, expectation damages above their past medical bills. Further, the Plaintiffs also claim that GEICO may be liable for additional damages due to GEICO's conduct which Plaintiffs allege to have been in breach of the covenant of good faith and fair dealing and/or the Nevada Unfair Claims Practices Act, N.R.S. 686A.310 *et seq. Exhibit A* at 6-9.

19. The plaintiff also avers that they are due punitive damages from GEICO. *Exhibit A* at 10: 26.

20. Plaintiffs also maintains that they are entitled to attorney's fees.[1] *Id*. at 10: 14-15. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006).

21. Taking the foregoing into consideration, it is more likely than not that Plaintiffs seek damages in excess of $75,000.

22. Based upon the foregoing, GEICO has met its burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

23. This Petition for Removal is timely as it is being filed within thirty (30) days after GEICO received notice of the Complaint, on about March 17, 2022. 28 U.S.C. § 1446(b)(2). *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693, (9th Cir. 2005).

24. Because there is complete diversity of citizenship between the plaintiffs and the defendant, and because the plaintiffs are seeking damages in excess of the $75,000 jurisdictional threshold, the defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED this 8th day of April, 2022.

WINNER BOOZE & ZARCONE

*/s/Thomas E. Winner*
Thomas E. Winner
Nevada Bar No. 5168
Matthew J. Douglas
Nevada Bar No. 11371
1117 South Rancho Drive
Las Vegas, Nevada 89102
**Attorneys for Defendant GEICO**

---

[1] F.R.C.P. 54 permits the recovery of attorney's fees by the prevailing party. Further, attorneys fees are also allowable as damages for breach of the Nevada Unfair Claims Practices Act N.R.S. 686A.310 *et seq*.

# EXHIBIT A

Electronically Filed
3/9/2022 12:31 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
**THE702FIRM**
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
Telephone:    (702) 776-3333
Facsimile:    (702) 505-9787
E-Mail:       service@the702firm.com
*Attorneys for Plaintiffs*

CASE NO: A-22-849438-C
Department 31

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| HECTOR TOPETE, individually; CINDY TOPETE, individually, and on behalf of ▮▮▮▮▮▮▮▮▮▮, a minor, and ▮▮▮▮▮▮▮▮▮▮, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO CASUALTY COMPANY; DOE INDIVIDUALS I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**<u>COMPLAINT</u>** |

Plaintiffs, HECTOR TOPETE, individually, CINDY TOPETE, individually, and on behalf of ▮▮▮▮▮▮▮▮▮▮, a minor, and ▮▮▮▮▮▮▮▮▮▮, a minor by and through their attorneys of record, MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and JOEL S. HENGSTLER, ESQ., of THE702FIRM, and for their Complaints against the Defendant GEICO CASUALTY COMPANY, DOE INDIVIDUALS I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive (collectively referred to as "Defendants"), states, asserts, and alleges as follows:

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

Case Number: A-22-849438-C

**GENERAL ALLEGATIONS**

1. Plaintiff, HECTOR TOPETE ("MR. TOPETE"), is and was, at all times relevant to these proceedings, a resident of Clark County, Nevada.

2. Plaintiff, CINDY TOPETE ("MS. TOPETE"), is and was, at all times relevant to these proceedings, a resident of Clark County, Nevada.

3. Plaintiff, ███████████████, a minor, ("TOPETE II"), is and was, at all times relevant to these proceedings, a resident of Clark County, Nevada.

4. Plaintiff, ███████████████, a minor, ("VELAZCO"), is and was, at all times relevant to these proceedings, a resident of Clark County, Nevada.

5. Defendant GEICO CASUALTY COMPANY ("GEICO"), upon information and belief, is and was, at all times relevant to these proceedings, an insurance company duly licensed to transact business as an automobile insurer within the State of Nevada.

6. The true names of DOE INDIVIDUALS I through X, their citizenship, and capacities, whether individual, corporate, associate, co-partnership, or otherwise are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege, that each of the Defendants, designated as DOE INDIVIDUALS I through X, are or may be, legally responsible for the events referred to in this action, and caused damages to Plaintiffs, as herein alleged, and Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

7. That the true names and capacities of Defendants named herein, as ROE BUSINESS ENTTIES I through X, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege, that each of the Defendants designated herein as a ROE BUSINESS ENTTIES Defendant is an uninsured and/or underinsured insurer of Plaintiffs and is responsible for the events and happenings referred to and proximately caused damages to Plaintiffs as alleged herein. Plaintiffs ask leave of Court to amend the Complaint to insert the true names and capacities of ROE BUSINESS ENTTIES I through X, inclusive, when the same have been ascertained, and to join

such Defendants in this action.

8. DOE INDIVIDUALS I through X are Defendants and/or employers of Defendants who may be liable for Defendant's negligence pursuant to NRS 41.130, which states:

> [e]xcept as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

9. Specifically, Plaintiffs allege that one or more of the DOE INDIVIDUALS were and are liable to Plaintiffs for benefits under their underinsured/uninsured motorist coverage policy of insurance and/or responsible for evaluation of Plaintiffs' underinsured/uninsured motorist claim.

10. ROE BUSINESS ENTTIES I through X, are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing, or cancelling policies of insurance, or who participated in the claims processing and/or handling of Plaintiffs' claim, as herein alleged.

11. Specifically, Plaintiffs allege that one or more of the ROE BUSINESS ENTTIES were and are liable to Plaintiffs for benefits under this underinsured/uninsured motorist coverage policy of insurance and/or responsible for evaluation of Plaintiffs' underinsured/uninsured motorist claim.

12. On or about October 27, 2019, Plaintiffs were traveling northbound on Decatur Blvd., operating a 2016 Honda Pilot, owned, and operated by Plaintiff MR. TOPETE, with Plaintiffs ███████████, and MS. TOPETE as passengers in the vehicle.

13. At this time, Plaintiff MR. TOPETE was at a full and complete stop due to a hazardous condition that halted traffic.

14. Shortly thereafter, he was suddenly and without warning struck from behind by Luis Rosique ("ROSIQUE"), operating a 2013 Toyota Highlander.

…

…

15. Police were called to the accident scene, and enforcement action was issued to ROSIQUE for the subject accident after admitting to colliding into the vehicle.

16. ROSIQUE's acts and omissions at the time of the collision described herein complained of and immediately prior thereto constitute negligence and carelessness.

17. ROSIQUE's negligence was the proximate cause of Plaintiffs' damages as herein alleged.

18. As a direct and proximate result of the negligence and carelessness of ROSIQUE Plaintiffs suffered injuries and suffered great pain.

19. As a further direct and proximate result of ROSIQUE's negligence, Plaintiffs incurred expenses for medical care and treatment, and expenses incidental thereto for necessary treatment and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

20. At the time of the collision described herein, ROSIQUE was insured through Progressive Insurance and carried bodily injury liability limits of $25,000.00 per person and $50,0000.00 per occurrence.

21. Progressive Insurance has paid the policy limits of $50,000.00 per occurrence between the four plaintiffs.

22. Progressive Insurance has paid $22,000.00 to Plaintiff MR. TOPETE for the injuries and damages he sustained in this accident.

23. Progressive Insurance has paid $16,000.00 to Plaintiff MS. TOPETE for the injuries and damages she sustained in this accident.

24. Progressive Insurance has paid $11,000.00 to Plaintiff ▮▮▮▮▮▮ for the injuries and damages she sustained in this accident.

25. Progressive Insurance has paid $1,000.00 to Plaintiff ▮▮▮▮▮▮ for the injuries and damages he sustained in this accident.

26. At the time of the accident giving rise to this lawsuit, Plaintiff MR. TOPETE was insured through GEICO.

…

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

27. Plaintiffs' policy of insurance with GEICO mentioned in the preceding paragraph included Underinsurance Motorist Coverage, under policy number #4306496920.

28. On or about October 29, 2019, Plaintiffs' counsel sent a letter to GEICO seeking letter providing verification of the amount of coverage for medical payments and uninsured/underinsured motorist coverage, and the limits of such coverage.

29. On or about November 01, 2019, GEICO confirmed policyholder Ms. CINDY HECTOR's policy included $25,000.00 per person and $50,000.00 per occurrence in underinsured motorist bodily injury coverage.

30. On or about May 11, 2021, Plaintiffs' counsel sent a letter requesting policy benefits to GEICO stating the facts of this claim, outlining in excess of $39,006.16 in total medical specials and future medical and requesting Plaintiffs' underinsured motorist bodily injury policy limits for MR. TOPETE.

31. On October 19, 2021, claims specialist Maria Fierro responded confirming that a claim was established and that GEICO was willing to offer $1,500.00 for settlement on the UIM claim for Mr. TOPETE.

32. On October 19, 2021, claims specialist Maria Fierro responded confirming that a claim was established and that GEICO was willing to offer $1,000.00 for settlement on the UIM claim for VELAZCO.

33. On October 19, 2021, claims specialist Maria Fierro responded confirming that a claim was established and that GEICO was willing to offer $1,000.00 for settlement on the UIM claim for Ms. TOPETE.

34. On November 22, 2021, Plaintiffs' counsel rejected $1,500.00 settlement offer, and requested GEICO explain the inadequate settlement offer in writing.

35. On November 23, 2021, GEICO claims specialist, Maria Fierro, confirmed receipt of November 22, 2021, correspondence and reiterated their previous offer.

…

…

…

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

36. The past medical bills for the plaintiffs are reasonable in light of the plaintiffs' injuries. The treatment that was provided to the plaintiffs, by their treating physicians, and necessarily incurred by them for treatment they received because of injuries that were proximately caused in the October 27, 2019, collision.

37. The future medical bills for the plaintiffs are reasonable in light of the plaintiffs' injuries, and reasonable and necessary for their treatment because of the injuries that were proximately caused in the October 27, 2019, collision.

38. GEICO owes to plaintiffs a duty to act in good faith in evaluating, investigating, and handling their claim, but was instead indifferent, inexcusably ignorant, and worse.

## JURISDICTION

39. Plaintiffs repeat and reallege the allegations above, as though fully set forth herein.

40. The Eighth Judicial District Court has jurisdiction of this civil tort action in accordance with NRCP 8(a)(4), NRS 13.040 and NRS 41.130 as the occurrence giving rise to this matter occurred in Clark County, Nevada and the amount in controversy exceeds $15,000.

## FIRST CAUSE OF ACTION

### (Breach of UM/UIM Insurance Contract)

41. Plaintiffs repeat and reallege the allegations above, as though fully set forth herein.

42. The Plaintiffs have a contract of insurance with GEICO that was in full force and effect when the October 27, 2019, collision occurred, under which Plaintiffs satisfied the definition of an insured person and entitled him to make a claim.

43. As part of the insurance contract, GEICO expected premium payments and did receive premium payments made by or on behalf of the Plaintiffs as money was paid to and accepted by GEICO, who never refused payment of the premiums.

…

…

…

44. As part of the insurance contract, GEICO agrees to pay the Plaintiffs, as an insured under the policy, the amount of up to $25,000 per person and $50,000 per occurrence in UM/UIM benefits if the Plaintiff or other insured were injured in a collision when the negligent party had either no insurance or insufficient liability insurance to adequately pay compensation to the Plaintiffs for their injuries and damage.

45. The Plaintiffs were injured in the collision on October 27, 2019, described above and the negligent party was underinsured and therefore had insufficient liability insurance to pay compensation to the Plaintiff for their injuries and damages.

46. Defendant GEICO did breach its contract with the Plaintiffs by wrongfully refusing to pay to the Plaintiffs the benefits owed to them under the UM/UIM insurance contracts and failing to fairly evaluate the claim and delivering low ball offers to their insured.

47. GEICO through their policies and procedures placed its own financial gain over their insured.

48. Adjuster Maria Fierro put her own financial gain through bonuses or other compensation presented by low ball offers to their insured.

49. As a proximate result of GEICO's breach of contract and the negligence of non-party ROSIQUE, Plaintiffs sustained injuries to their respective neck and back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to their general damages in a sum in excess of $15,000.00.

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith))**

50. Plaintiffs repeat and reallege the allegations above, as though fully set forth herein.

51. At all times relevant, GEICO owed a duty to the Plaintiffs to comply with its implied covenant of good faith and fair dealing, and to do nothing to injure the rights of the Plaintiffs to receive the benefits of the above-described policy of insurance.

…

…

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

52. GEICO, through its agents, has acted in bad faith and has violated its implied covenant of good faith and fair dealing having failed and refused to investigate, evaluate and make a reasonable payment of the Plaintiffs' UIM claim by delivering low ball offers to their insured.

53. GEICO through their policies and procedures placed its own financial gain over their insured.

54. Adjuster Maria Fierro put her own financial gain through bonuses or other compensation presented by low ball offers to their insured.

55. As a proximate result of GEICO's breach of implied covenant of good faith and fair dealing and the negligence of non-party ROSIQUE, Plaintiffs sustained injuries to their respective neck and back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to their general damages in a sum in excess of $15,000.00.

## THIRD CAUSE OF ACTION

**(Statutory Violations of Nevada's Unfair Claims Practice Act Pursuant to NRS 686A.310)**

56. Plaintiffs repeat and reallege the allegations above, as though fully set forth herein.

57. At all times relevant, GEICO, is subject to a variety of statutes and other laws of the State of Nevada regarding its business practices, including, but not limited to NRS 686A.310, the Nevada Unfair Claims Practices Act.

58. Based upon the conduct and misconduct alleged herein, GEICO has violated one or more provisions of Nevada law, including, but not limited to, the Nevada Unfair Claims Practices Act, including, but not limited to NRS 686A.310 subsections (b), (c), (e), and (f).

59. GEICO has failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy.

60. GEICO has failed to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim by a reasonable time.

…

61. GEICO has failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' claims by a reasonable time.

62. GEICO has compelled the Plaintiffs to institute litigation to recovery the amount owed and due under the insurance policy by offering substantially less than the fair and equitable value of his claim.

63. GEICO through their policies and procedures placed its own financial gain over their insured.

64. Adjuster Maria Fierro put her own financial gain through bonuses or other compensation presented by low ball offers to their insured.

65. As a proximate result of the negligence of non-party ROSIQUE and GEICO's breach of NRS 686A.310, Plaintiffs sustained injuries to their respective neck and back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to their general damages in a sum in excess of $15,000.00.

## CAUSATION AND DAMAGES

66. Plaintiffs repeat and reallege the allegations above, as though fully set forth herein.

67. As a direct and proximate result of GEICO's breach of its contract, bad faith, and statutory violations in the handling of Plaintiff's UIM claim, alleged herein, the Plaintiffs suffered the following injuries and damages:

   i. As a direct and proximate result of all the foregoing, the Plaintiffs suffered emotional distress;

   ii. As a direct and proximate result of all the foregoing, the Plaintiffs were injured in and about the spine, body, limbs, organs and systems, and was otherwise injured and caused to suffer great pain of body and mind, and Plaintiffs were required to and did receive medical and other treatment for his injuries received in an expense all to his damages in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

iii. Due to Plaintiffs' injuries they have sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of $15,000.00.

iv. Due to Plaintiffs' injuries, he has sustained loss of household services, past, present and future in an amount in excess of $15,000.00.

v. Plaintiffs have further suffered transportation costs, in an amount subject to proof.

vi. Plaintiffs have sustained past wage loss and will continue to suffer wage loss in the future, in amounts subject to proof.

vii. Other economic and non-economic damages caused by Defendants' conduct as alleged herein.

68. The Plaintiffs are entitled to recovery of compensatory damages, punitive damages, incidental and consequential damages as alleged herein.

69. The Plaintiffs are entitled to an award of attorney fees, for reimbursement of the payment of litigation costs and for statutory interest according to the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment on all claims for relief against the Defendants as follows:

1. General Damages for Plaintiffs' pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

2. Special Damages for Plaintiffs' medical expenses and lost wages in an amount excess of Fifteen Thousand Dollars ($15,000.00).

3. For Compensatory Damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

4. Punitive damages in excess of $15,000.00.

5. Damages for transportation costs in an amount according to proof.

6. Damages for past loss of earnings and future earning capacity.

7.  Costs of suit incurred including reasonable attorneys' fees.

8.  For such other relief as the Court deems just and proper.

DATED this 9th day of March, 2022.

**THE702FIRM**

*/s/ Joel S. Hengstler*
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

# EXHIBIT B

1336011.docx

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hector Topete, Cindy Topete, Fernando Topete

**DEFENDANTS**
GEICO Casualty Company

(b) County of Residence of First Listed Plaintiff: **Clark**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Maryland**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Joel Hengstler, The702Firm, 400 S. 7th St., 4th Floor, Las Vegas, NV, 89101; (702) 776-3333

Attorneys *(If Known)*
Thomas E. Winner/Bar #5168, 1117S. Rancho Drive, Las Vegas, NV 89102; (702) 243-7000; (702) 243-7059

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28. U.S.C. 1332 and 28 U.S.C. 1441

Brief description of cause:
Breach of Contract; Bad Faith

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/08/2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____